ON MOTION FOR REHEARING; CLARIFICATION; CERTIFICATION
 

 PER CURIAM.
 

 We deny Perez-Kahn’s motion for rehearing and certification, but grant clarification by withdrawing our opinion filed on December 17, 2008, and substituting the following:
 

 On July 9, 2000, appellant, Leonora Perez-Kahn, was arrested
 
 in flagrante
 
 during a burglary; confessed her role as a lookout; during the trial, absconded; was arrested a year later; then in open court, under oath, with court-appointed counsel, specifically waived her right to appeal. We nevertheless granted her petition for a belated appeal, and the public defender was appointed. We affirmed after the public defender filed an
 
 Anders
 
 brief.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We then granted a motion for rehearing and allowed private counsel to file briefs.
 

 Perez-Kahn argues that the trial court erred in continuing with the trial after Perez-Kahn voluntarily absented herself from the proceedings. However, in her sentencing agreement with the State, Perez-Kahn waived her right to appeal. She specifically agreed that continuing the trial without her presence was correct despite the absence of actual notice; that she was not unfairly prejudiced by her trial
 
 in absentia;
 
 that her trial was error-free; and that her attorney had rendered constitutionally effective assistance. Consequently, her waiver as a result of the sentencing agreement is fatal to her claims of trial and sentencing error on appeal.
 

 Even though Perez-Kahn also waived her right to file any motions for post-conviction relief, she has now raised on appeal the ineffectiveness of her trial counsel. This was never presented below and is, thus, rejected on procedural grounds.
 

 Affirmed.